SUMMARY ORDER

Petitioner Thierno Diallo, a native and citizen of Guinea, seeks review of the September 9, 2008 order of the BIA affirming the November 21, 2006 decision of Immigration Judge (“IJ”) Helen Sichel, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Thierno Diallo, No. A098 361 270 (B.I.A. Sept. 9, 2008), aff'g No. A098 361 270 (Immig. Ct. *442 N.Y. City Nov. 21, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Where, as here, the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see, e.g., Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Substantial evidence supports the agency’s adverse credibility determination.[2] See Zhou Yun Zhang v. INS, 386 F.3d 66, 74 (2d Cir.2004), overruled, in part on other grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 305 (2d Cir.2007). The IJ identified numerous inconsistencies in Diallo’s testimony regarding the dates of his encounters with the police. Diallo initially testified that his first arrest was on October 19, 2002, but he then stated that it was on October 15, 2001. As to the second incident he described, Diallo initially indicated that it occurred on September 20, 2002, but then stated that it occurred on October 20, 2002. Likewise, Diallo first testified that a presidential election, to which he was accused of being opposed, was to take place on December 19, 1993, but then oscillated between 1998 and 1993, before finally settling on December 19, 2003. The IJ also identified an inconsistency between Diallo’s testimony, in which he stated that on November 2, 2002, he, his brother, and five others were arrested, and his asylum application, in which he stated that on November 2, 2003, fifteen people, including Diallo and his brother were arrested. Diallo had a chance to reconcile his inconsistent testimony, see Ming Shi Xue v. BIA, 439 F.3d 111, 125 (2d Cir.2006), but no reasonable fact-finder would have been compelled to credit his explanations, see Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
Diallo argues that any inconsistencies were “minor” and did not go to the heart of his claim. Although inconsistencies relating to dates would not in and of themselves be fatal, see Diallo v. INS, 232 F.3d 279, 288 (2d Cir.2000), we have held that “even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder,” Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted); see also Liang Chen v. U.S. Att’y Gen., 454 F.3d 103, 106-107 (2d Cir.2006) (“[A]n IJ need not consider the centrality vet non of each individual discrepancy or omission” and can instead “rely upon the cumulative impact of such inconsistencies, and may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence.”). Here, given the numerous inconsistencies the IJ identified, we are not compelled to disturb the IJ’s credibility determination.
Having called Diallo’s testimony into question, the IJ reasonably demanded cor *443 roborating evidence relating to his claims. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006). After evaluating that evidence, the IJ concluded that it was not sufficiently reliable to rehabilitate Diallo’s inconsistent testimony. Diallo does not challenge that conclusion, waiving any such argument. See Yueqiug Zhang v. Gonzales, 426 F.3d 540, 548 (2d Cir.2005).
Ultimately, the record supports the agency’s conclusion that Diallo was not credible. See 8 U.S.C. § 1158(b)(l)(B)(iii); Hongsheng Leng v. Mukasey, 528 F.3d 135, 141 (2d Cir.2008); Borovikova v. U.S. Dep’t of Justice, 435 F.3d 151, 160-61 (2d Cir.2006). Therefore, because the only evidence that Diallo was likely to be persecuted or tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005); cf. Ramsameachire v. Ashcroft, 357 F.3d 169, 184-85 (2d Cir.2004).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Wc note that by submitting before the BIA only a Notice of Appeal containing largely boilerplate language, Diallo has arguably waived any challenge to the IJ’s credibility determination. See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 119-20 (2d Cir.2007). Indeed, the BIA never had the opportunity to eonsider the specific arguments Diallo now makes in this Court. Nevertheless, where issue exhaustion is non-jurisdictional, see id., and the credibility determination was not in error, we do not dispose of this case on exhaustion grounds.